Exhibit A (Page 1 of 6)

COUNTY OF COOK     )
                        ) SS
STATE OF ILLINOIS    )

## IN THE CIRCUIT COURT OF COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

DEON BAKER,

      Plaintiffs,

                                 Court No. 2019L004694

L.C. GONZALEZ, R.RUIZ, C.J. DOLES,
G.J. YOUNG, J.M. KOSTANSKI, CHICAGO
POLICE DEPARTMENT'S BUREAU OF
INTERNAL AFFAIRS

      Defendants.

### Notice of Complaint

To: L.C. GONZALEZ, R.RUIZ, C.J. DOLES, G.J. YOUNG, J.M. KOSTANSKI, CHICAGO POLICE DEPARTMENT'S BUREAU OF INTERNAL AFFAIRS

Please take notice that on **MAY 1, 2019** a complaint was filed in the Law Division of the Circuit Court of Cook County, at the Richard J. Daley Center, Chicago, Illinois. A copy of the filed complaint has been attached to this package for defendants L.C. GONZALEZ, R.RUIZ, C.J. DOLES, G.J. YOUNG, J.M. KOSTANSKI, CHICAGO POLICE DEPARTMENT'S BUREAU OF INTERNAL AFFAIRS. A copy of which is hereby served upon you.

The basis of the complaint is **Section 1983 Bivens Action**

This notice is served in accordance with 735 ILCS 5/1-109 and a copy of this notice was hand delivered to the Defendants' Counsel, **The Law Department of Chicago**

Dated: 5/1/2019
Respectfully Submitted,

_____
Attorney Cierra N. Norris
ARDC# 61617
The Law Office of Attorney C.N. Norris
55 E. Monroe Ste 3800
Chicago, Illinois 60603
cierra@cnnorisslaw.com

Exhibit A (Page 2 of 6)                    6-Person Jury

Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
5/1/2019 1:35 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L004694

| COUNTY OF COOK | ) |
| | ) SS |
| STATE OF ILLINOIS | ) |

4891994

## IN THE CIRCUIT COURT OF COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

DEON A. BAKER,

    Plaintiffs,

                             Court No. 2019L004694

L.C. GONZALEZ, R.RUIZ, C.J. DOLES,
G.J. YOUNG, J.M. KOSTANSKI, CHICAGO
POLICE DEPARTMENT'S BUREAU OF
INTERNAL AFFAIRS

    Defendants.

### Complaint

Now comes Plaintiff DEON A. BAKER ("Mr. Baker") by and through his Attorney,

CIERRA NORRIS, for his complaint against Defendants L.C. GONZALEZ, R.RUIZ, C.J.

DOLES, G.J. YOUNG, J.M. KOSTANSKI, CHICAGO POLICE DEPARTMENT'S BUREAU

OF INTERNAL AFFAIRS (Collectively "Defendants").

### Parties

    1. Plaintiff is a citizen of the United States who resides in the Cook County, State of

Illinois.

    2. Defendants L.C. GONZALEZ, R.RUIZ, C.J. DOLES, G.J. YOUNG, J.M.

KOSTANSKI, CHICAGO POLICE DEPARTMENT'S BUREAU OF INTERNAL AFFAIRS,

were, at all material times members of the Chicago Police Department. Each defendant is

sued both individually and in his official capacity as an officer of the law.

FILED DATE: 5/1/2019 1:35 PM   2019L004694

Exhibit A (Page 3 of 6)

FILED DATE: 5/1/2019 1:35 PM   2019L004694

### Jurisdiction & Venue

3. This honorable court has jurisdiction to entertain this complaint under the Civil Rights Act under title 42 U.S.C., Section 1983.

4. Venue is proper for this action because the contract was executed in the country and the constitutional violation occurred within the state of Illinois, county of Cook.

### Factual Background

5. While acting under the color and authority of the State of Illinois, city of Chicago members of the Chicago Police Department violated Mr. Bakers Fourth Amendment rights.

6. On April 30, 2017, Mr. Baker filed a complaint against officers L.C. Gonzalez; R. Ruiz; and Doles, C. J. ("Acting Officers") for an unlawful search and seizure, which violated his Fourth Amendment rights.

7. Mr. Baker was waiting to meet a friend near 15 S. Leamington Street when three officers stopped abruptly, jumped out of the car and detained Mr. Baker without probable cause or reasonable suspicion.

8. The Acting Officers thoroughly searched Mr. Baker, but no contraband was found, then ran his name through the police database and found no warrants existed. Once the police realized that Mr. Baker was innocent, they added his name to a contact card and released him from their custody. Mr. Baker was also warned that if he were to be caught standing in that same area again, he would be arrested.

9. Immediately following this incident Mr. Baker and Dorease Lee (the friend he was originally waiting for when the Acting Officers stopped him) went to the fifteenth districts police station to file a complaint against the officers he had just been harassed by.

Exhibit A (Page 4 of 6)

FILED DATE: 5/1/2019 1:35 PM    2019L004694

10. Mr. Baker went on to inform the desk sergeant of his issue and the encounter that he had just had with the Acting Officers. At that time the desk sergeant informed him that officer Gonzalez had returned to the station.

11. At that time, while Mr. Baker was attempting to submit a complaint officer Gonzalez spoke with him and attempted to convince him not to file the complaint against him. Still, Mr. Baker insisted on filing a complaint against the officers.

12. The complaint filed by Mr. Baker was given logged as complaint number 108503 it was logged by a Mr. Robert Kilmas. To date, that complaint has been requested numerous times and has not been produced by the Chicago Police Department's Independent Police Review Authority.

13. On May 6, 2017, after filing the complaint against the Acting Officers, Mr. Baker was harassed by Chicago police on the same block where he had been unlawfully searched in the days prior. However, this time he was detained and held on criminal charges which he is currently fighting at this point.

14. Furthermore, against COPA policy after Mr. Baker filed his complaint against the Acting Officers, he was arrested by L.C. Gonzalez and R. Ruiz. This is a clear violation of COPA policy that officers should not be investigating persons who have filed complaints against them.

15. As Mr. Baker was being arrested, he was taunted by the same officers he filed a complaint against earlier that week.

16. Since that encounter Mr. Baker has been incarcerated and is awaiting trial for retaliatory charges brought against him by the Acting Officers.

Exhibit A (Page 5 of 6)

FILED DATE: 5/1/2019 1:35 PM   2019L004694

17. When Mr. Baker filed the complaint against the Acting Officers, he exhausted all of the administrative remedies available to him, however his complaint against the officers has been "lost." No reliable remedies were made available to Mr. Baker.

18. Based on the above referenced facts the Mr. Baker is filing this Section 1983 claim against the Acting Officers and the Chicago Police Department's Bureau of Internal Affairs.

## Count I
## NAME OF COUNT

19. Plaintiff herby incorporates by reference all facts and circumstances set forth within the forgoing paragraphs.

20. A Bivens claim may be made when, a party acting under the color of law, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States to be without privileges, or immunities secured by the Constitution and laws. That party shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. State officials, acting under the color of law may be sued under a Bivens action in state court.

21. In order to successfully bring a cause of action, Mr. Baker must prove the following elements:

    (a) That he or she has a right protected under the Constitution;
    (b) That this constitutional right has been violated;
    (c) That this constitutional right was violated by a party subject to liability directly under the Constitution; and
    (d) That relief in the form of money damages is an appropriate remedy.

22. The Fourth Amendment of the United States Constitution protects citizens from unlawful search and seizure. The Fourteenth Amendment makes the Fourth Amendment applicable to the states.

Exhibit A (Page 6 of 6)

FILED DATE: 5/1/2019 1:35 PM   2019L004694

23. Mr. Bakers right to be free of unlawful search and seizure was violated when the Acting Officers stopped him for no reason and searched his person. Clearly his right to be free from this from of search existed and was violated.

24. After filing a complaint against the Acting Officers with the knowledge of Officer Gonzalez, Mr. Baker was targeted by the police as an act of retribution. After numerous attempts to retrieve the originally complaint, despite the requisite log number being supplied CPD has failed to produce his original complaint or take action against the officers in question.

25. Money damages is the appropriate and only true remedy to correct the wrong that was done to Mr. Baker on behalf of these officers of the state.

WHEREFORE, Plaintiff, prays for Judgement in his favor and against Defendant, an amount in excess of $250,000.00 in compensatory, punitive damages, plus prejudgment interest, cost and all other sums this Honorable Court finds appropriate.

Respectfully Submitted

Attorney Cierra N. Norris
The Law Office of Attorney C.N. Norris
55 E. Monroe Ste 3800
Chicago, Illinois 60603
cierra@cnnorisslaw.com
ARDC# 61617